IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| TXU GENERATION COMPANY, LP,<br>Plaintiff,<br>v.<br>UNITED STATES OF AMERICA,<br>Defendant. | No. 04-0098C<br>(Judge Williams) |

JOINT STATUS REPORT AND MOTION TO EXTEND STAY

This is one of approximately 59 cases pending before the Court of Federal Claims arising under contracts (sometimes called the "Standard Contract") between the Department of Energy ("DOE") and the nuclear utilities for the acceptance and disposal of spent nuclear fuel and high-level radioactive waste ("SNF"). Since this case was filed in January 2004, both parties have requested that it be stayed pending developments in other spent fuel cases that were filed much earlier and that are far more procedurally advanced than this case. Both parties have requested such a stay because they believe that developments in those other cases will make litigation of this case more efficient for the parties and the Court.

Both parties respectfully request that the Court extend the stay of proceedings in this case for an additional ten months, until October 2, 2006. As set forth below, there is

good reason to believe that developments during this ten-month period will provide guidance that will assist in resolving the issues in this case.

The Court's current stay order, entered December 29, 2004, granted the parties' joint request to continue the stay pending the decision of the United States Court of Appeals for the Federal Circuit in *Indiana Michigan Power Co. v. United States*, No. 04-5122 (Fed. Cir.). That decision, which issued on September 9, 2005, *see* 422 F.3d 1369, held that future damages were not available to Indiana Michigan because its claim (like the claims in other spent fuel cases including this one) was for a "partial" breach of contract. That ruling is currently the subject of a petition for panel rehearing filed by Indiana Michigan on October 24, 2005, to which the Government responded on November 11, 2005. Moreover, the *Indiana Michigan* decision provides little general guidance on other damages issues. And the decision provides no guidance at all on a very important issue involved in most if not all these spent fuel cases*:* namely, the required contractual "rate" of spent fuel acceptance and the "schedule" on which the Department of Energy ("DOE") was required to accept spent fuel from utilities.

Those schedule issues, however, were extensively tried (along with other damages issues) in three separate trials that have been conducted over the past year and a half in other spent fuel cases. One of those trials involved three consolidated cases brought by the "Yankee" utilities -- Yankee Atomic Electric Co., Connecticut Yankee Atomic Power Co. and Maine Yankee Atomic Power Co. (Case Nos. 98-126, 98-154, 98-474 before Senior Judge Merow) -- one trial was in the case brought by the Tennessee Valley Authority ("TVA") (Case No. 01-249 before Judge Lettow) and one trial was in the case of Sacremento Municipal Utility District ("SMUD") (Case No. 98-488 before Judge

Braden). The Yankee trial was completed in 2004, and the SMUD and TVA trials were competed in the Spring and Summer, respectively, of 2005. It is therefore reasonable to expect decisions in all three cases sometime in the coming months.[1] Further, given the extensive treatment of the important "schedule" issues at each of the three trials, it is also reasonable to expect one or more of those decisions -- and perhaps all three -- to address those issues in a fulsome way.

Resolution of the claims of Plaintiff TXU Generation Company LLP in this case will require the parties and the Court to address many of the same "schedule" issues as are pending decision in the *Yankee*, *TVA* and *SMUD* cases. Moreover, as shown by the experience in those cases, litigating the schedule issues is, or at least can be, time-consuming and costly. For these reasons, both parties submit that before they are required embark on discovery and litigation of the same "schedule" issues in this case, they should await decisions in the *Yankee*, *TVA* and *SMUD* cases. Those decisions appear likely to facilitate the "just, speedy and inexpensive resolution" of the claims of Plaintiff TXU in this case. *See* RCFC 1.

Even after this Court issues its decisions in those three cases, it is possible the parties here will believe it is beneficial to await an appellate ruling in one or more of those cases. But that is a determination better made after this Court's decisions are issued -- a course that also avoids the imposition now of a long-term stay that may ultimately not be necessary or advisable.

[1] In the *Yankee* cases Judge Merow has asked for supplemental post-trial briefing on the impact of *Indiana Michigan*, but those briefs are currently scheduled to be filed before the end of this year (with argument scheduled for January 10, 2006).

For these reasons, the parties jointly request that the stay of proceedings in this case be extended until October 2, 2006, at which time the parties will again jointly report to the Court on how they wish to proceed.

Respectfully submitted,

/s/ Jerry Stouck
JERRY STOUCK
Greenberg Traurig, LLP
800 Connecticut Avenue, NW, Suite 500
Washington, D.C. 20006
(202) 331-3173 (Telephone)
(202) 331-3101 (Facsimile)
*Counsel for Plaintiff*
TXU GENERATION COMPANY, LP

Of Counsel:
Robert L. Shapiro

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

HAROLD D. LESTER, JR.
Assistant Director

/s/ Kevin Crawford by Jerry Stouck
KEVIN B. CRAWFORD
Trial Attorney
Civil Division
Commercial Litigation
U.S. Department of Justice
1100 L Street, NW, 8th Floor
Washington, DC 20005
(202) 305-9640 (Telephone)
(202) 307-2503 (Facsimile)
*Attorneys for Defendant*

Dated: November 22, 2005